**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

March 18, 2022

<u>Via ECF</u>
Hon. Joanna Seybert
United States District Court/100 Federal Plaza
Central Islip, New York 11722

  Re: <u>Ruland v. Nassau County</u> (22-CV-00531 (JS)(JMW)

Your Honor:

  This office represents defendants, Nassau County, the Nassau County Police Department ("NCPD") and seven individual NCPD officers and/or detectives in the above referenced action. The purpose of this letter is to respectfully request a pre-motion conference to allow defendants to file a motion to dismiss the Complaint of plaintiff Roy Ruland ("plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(6).

  **The Complaint**. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth and Fourteenth Amendments, the New York State Constitution, and Article 78 of the New York Civil Practice Law and Rules ("CPLR"). Plaintiff alleges that on September 13, 2018 his wife called an ambulance to his home since she was concerned about his health at that time. Complaint, ¶ 27. An NCPD ambulance arrived with EMT Scott Russell and a "John Doe" Sergeant. "Plaintiff's wife Marian stated to the above defendants-responders that she called an ambulance because she thought plaintiff was in medical danger after a heated but otherwise peaceful incident that had ended well before their arrival." *Id*. ¶ 29. Sgt. Doe asked plaintiff if there were any guns in the house, and plaintiff replied that he stored his guns in a safe deposit box in a nearby bank. *Id.* ¶¶ 47-48. The Complaint alleges that "[p]laintiff was coerced into the ambulance by lies and an unwarranted threat of deprivation of his civil liberties and through an abuse of power by defendants acting under color of law." *Id*. ¶ 57. He claims that his consent form for treatment was fabricated. Plaintiff was placed on a gurney. Plaintiff "was never told he was being taken to a hospital for psychiatric evaluation." *Id*. ¶ 58. Plaintiff asked to be transported to a hospital in Roslyn. While in transport the ambulance hit a bump and plaintiff was propelled up, then fell down on the gurney. He asked to be driven to Mercy Hospital in Rockville Centre. Shortly after arriving, plaintiff was told he was being transported to the Psychiatric Emergency Room. Plaintiff was treated and released a few hours later with a final diagnosis of "simple agitation," a non-psychiatric diagnosis. *Id*. ¶¶ 78-79. On September 14, 2018 defendant Sgt. Houghton met plaintiff at the bank and confiscated his guns. On April 7, 2021 plaintiff received letter from NCPD informing him that his pistol license was revoked. Plaintiff appealed the revocation. By letter dated September 30, 2021 plaintiff was notified that his appeal was denied. Plaintiff commenced this action on January 28, 2022 [DE 1].

  **Plaintiff's Claims**. Plaintiff's first claim is for "illegal detention and hospitalization." and "wrongful detention and seizure of weapons." His second claim is for deprivation of his

liberty and/or property based upon fabricated evidence. The third claim is for "continued harassment." The fourth claim is for defendants' "failure to investigate and/or failure to issue true and fair determinations of plaintiff's administrative complaints." The fifth claim is that plaintiff's appeal from the revocation of his pistol license was wrongfully denied. The sixth cause of action is that this action "implicates" CPLR Article 78, and that this action "serves as the functional equivalent of a Petition as if filed in New York State Supreme Court." *Id.* ¶ 288. The seventh claim is that defendants fabricated evidence which affected plaintiff's pistol license status. The eighth claim is that Nassau County is liable under *respondeat superior*. The ninth claim is for punitive damages.

**Basis for Dismissal**. Plaintiff's first claim is for "illegal detention and hospitalization," which is equivalent to a claim for false imprisonment/false arrest in violation of the Fourth Amendment. Under New York law, a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification. *See, e.g.*, *Broughton v. State*, 37 N.Y.2d 451, 456, *cert. denied*, 423 U.S. 929 (1975). A §1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, *see, e.g.*, *Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995), is substantially the same as a claim for false arrest under New York law, *see, e.g. Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995); *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991). Under federal law the statute of limitations is three years for actions brought under 42 U.S.C. § 1983. *Guerrero v. Fitzgibbons*, No. 10-CV-8910, 2011 U.S. Dist. LEXIS 127283, at *4 (S.D.N.Y. Nov. 1, 2011) ("A three-year statute of limitations applies to claims brought pursuant to 42 U.S.C. § 1983 in New York. *See Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("Accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002).

Here, the three-year statute of limitations bars plaintiff's claim of unlawful seizure. "A claim of unlawful search and seizure "generally accrues from the date of the unlawful search." *D'Angelo v. Kirschner,* 288 F. Appx. .724, 726 (2d Cir. 2008). Plaintiff's alleged "illegal detention and hospitalization" occurred on September 13, 2018 and thus, the three-year statute of limitation expired on September 13, 2021. Plaintiff commenced this action on January 28, 2022, more than four months past the statute of limitations [DE 1]. Therefore, his Fourth Amendment claim must be dismissed as being time-barred.

Plaintiff's claim for defendants' illegally seizing his firearms on September 14, 2018 amounts to a claim for deprivation of property without due process under the Fourteenth Amendment, which provides in relevant part that "No State shall. . . deprive any person of life, liberty or property without due process of law." This claim, too, is barred by the three-year statute of limitations. *Hargrow v. Volunteers of Am.*, 2002 U.S. Dist. LEXIS 21774 (S.D.N.Y. Nov. 8, 2002) (statute of limitations for Fourteenth Amendment claims is three years). Similarly, plaintiff's second and seventh claims, both for fabrication of evidence on September 13, 2018, are governed by the three-year statute of limitations and are thus time-barred. *Veal v. Garaci*, 2021 U.S. Dist. LEXIS 45456, at *3 (E.D.N.Y. Mar. 10, 2021) (applying three-year period to fabrication of evidence claim).

Plaintiff's third claim, that defendants "continually harassed [him] over the course of several months," Complaint, ¶ 262, is likewise barred by the three-year statute of limitations which applies to personal injury claims under § 1983. Interpreting "several months" to commence on September 13, 2018 and extend to December 31, 2018 this action, which was commenced on January 28, 2022, is time-barred. *Boyle v. N. Salem Cent. Sch. Dist.*, 2020 U.S. Dist. LEXIS 82504 (S.D.N.Y. May 11, 2020) (applying New York State's three-year statute of limitations in § 1983 action for personal injury claim of "unconstitutional conduct").

The same analysis applies to plaintiff's fourth claim, for defendants' "failure to investigate" his complaints, which can only be interpreted to be a personal injury claim, which is barred by New York State's three-year statute of limitations. *Id*. (explaining that the general or residual statute for personal injury actions in New York for § 1983 claims is three years (citing *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004))

Plaintiff's fifth and sixth claims are that this federal action serves as the "functional equivalent" of a CPLR Article 78 Petition with respect to his appeal of defendants' revocation of his pistol license. Complaint, ¶ 288. Plaintiff seeks "a judgment overturning said determination." *Id*. ¶ 280. These allegations fail to state a claim upon which relief can be granted since the relief sought by plaintiff, to have this Court reinstate his pistol license, is properly brought in a CPLR Article 78 proceeding in Nassau County Supreme Court. In Nassau County, where plaintiff resides, the Nassau County Police Commissioner is the licensing officer. New York Penal Law § 265.00[10]. "An applicant may obtain judicial review of the denial of a license . . . by filing a proceeding under Article 78[.] A licensing officer's decision will be upheld unless it is arbitrary and capricious." (see *Kachalsky v. County of Westchester*, 701 F.3d 81, 87 (2d Cir. 2012) [citing Penal Law §400.00[1][a]-[d], [g]; *Franzese v Ryder*, 200 A.D.3d 979 [2d Dept 2021]; CPLR §7803[3]). Respectfully, this Court does not have the "power to overturn said determination as a violation of 42 U.S.C. § 1983, 42 U.S.C. § 1988 and/or the Fourth, Fifth and/or Fourteenth Amendment to the United States Constitution," Complaint, ¶ 279, or to "enter a judgment overturning said determination, restoring plaintiff's weapons to him and reinstating plaintiff's license to possess said weapons," *id*. ¶ 280. That power is reserved to the Nassau County Supreme Court in an Article 78 proceeding.

Plaintiff's eighth claim, for *respondeat superior* liability against Nassau County, and his ninth claim, for punitive damages, should be dismissed since this action is time-barred.

**Conclusion**. The Complaint should be dismissed on the grounds, first, that it was commenced beyond the three-year statute of limitations, and second, upon the ground that plaintiff's demand that this Court reinstate his pistol license, fails to state a claim upon which relief can be granted, since that relief is restricted to a CPLR Article 78 proceeding.

As always, the defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,
/s/  Ralph J. Reissman
RALPH J. REISSMAN

cc: (Via ECF) Jeffrey B. Melcer, Esq. Attorney for Plaintiff